SAINT LOUIS & SAN FRANCISCO RAILROAD COMPANY v. VIR-
GIL E. GARNER.

[51 South. 273.]

1. RAILROADS. *Flag stations. Signals to stop. Intending passenger.*

A railroad company has the right to stop its trains at flag stations
only on signals from its station agent, and may disregard signals
given by others.

2. SAME. *Same. Punitive damages.*

Punitive damages are not recoverable against a railroad company
for failing to stop its train at a flag station for an intending pas-
senger because the engineer could by the exercise of ordinary care
and diligence have seen the signal to stop.

FROM the circuit court of Monroe county.

HON. JOHN H. MITCHELL, Judge.

Garner, appellee, was plaintiff in the court below; the rail-
road company, appellant, was defendant there. From a judg-
ment in plaintiff's favor defendant appealed to the supreme
court. The facts are stated in the opinion of the court.

*E. O. Sykes, Jr.,* for appellant.

Plaintiff bases his case upon the alleged wilful wrong of the
engineer in not stopping the train after seeing and understand-
ing the signals or failing to see the signals. His only charge
upon the measure of damages is one asking only for punitive
damages.

This is not a case where punitive damages may be awarded,
because the proper signal to stop was never given to the en-
gineer. It was the duty of the agent to flag the train and
proper for him to flag it with something white, like a handker-
chief or letter. The attempts of others to stop the train meant
nothing at all to the engineer, because he relied upon the agent

to flag him in the proper manner if a stop was necessary. The engineer was on the lookout for signals from the agent but received none. He saw some people at the depot but did not see them give him a stop signal.

It is well to bear in mind in discussing exemplary or punitive damages that the theory upon which they are given is simply the theory of punishment and public example, and allowing such damages is really a blending of the criminal and civil law and is an anomaly in legal procedure. 6 Thompson on Negligence, p. 246, § 716.

In this case the conduct of the engineer, instead of in any way being wanton, malicious, or capricious or containing any of the elements of either, was in every way reasonable. No proper signal to stop was given. In every case of this character decided by this court where the question of punitive damages was left to the jury, there was testimony that the proper stop signal was given. *Southern R. Co. v. Lanning,* 83 Miss. 167; *Yazoo, etc., R. Co. v. White,* 82 Miss. 120; *New Orleans, etc., R. Co. v. Wilson,* 63 Miss. 352; *Kansas City, etc., R. Co. v. Fite,* 67 Miss. 373.

The first instruction given for plaintiff is erroneous because it instructs the jury that if the engineer could by the exercise of ordinary care and diligence have seen the signal to stop and understood it, and that the failure to stop was due to capriciousness, etc., then they may assess punitive damages, etc. This charge fails to instruct the jury what is the difference between actual and punitive damages, etc., and in effect tells them that they may assess punitive damages for the lack of ordinary care and diligence.

*Paine & Paine,* for appellee.

Instructions must be construed as a whole and the law deducible from all of them on the point in question. If there was error in plaintiff's first instruction it was cured by the fourth

instruction given appellant which is clear and full and announces the law on this point. *Hill v. Terry,* 92 Miss. 671, 46 South. 829; *Mississippi, etc., R. Co. v. Hardy,* 88 Miss. 732, 41 South. 505.

The court should not reverse the cause on the facts or because the verdict is excessive. It appears that the testimony is conflicting and that being the case and the jury having passed upon the controverted questions of fact this court will not interfere with the verdict but will let it stand. *Buckingham v. Walker,* 48 Miss. 609; *Railroad Co. v. Williams,* 67 Miss. 18, 41 South. 505; *Johnson v. Walker,* 86 Miss. 757.

"Where punitive damages are allowable the fixing of the amount of such damages is peculiarly within the province of the jury." *Railroad Co. v. Mitchell,* 83 Miss. 179.

Argued orally by *E. O. Sykes, Jr.,* for appellant, and by *Geo. C. Paine,* for appellee.

SMITH, J., delivered the opinion of the court.

Greenwood Springs is a station on appellee's road where its trains stopped when flagged by the agent in charge of the station. On May 31, 1907, appellant and several others, having notified the agent that they desired to take passage on one of appellant's trains, were at the depot for that purpose. As the train approached, appellant and his companions signaled the engineer to stop, by waving their suit cases across the track. There is some evidence, also, that the agent signaled the engineer by waving his hands. The agent testified that he was not at the depot when the train whistled, that he got back to the depot just before the train passed, and that the only signal he made was "to hold up four fingers," to indicate to the engineer that he had four passengers. The engineer did not stop his train, and stated that he saw several parties at the station, but did not see any signal made. From a judgment awarding

appellee punitive damages on account of the failure of the engineer to stop the train, this appeal is taken.

At the request of appellee the court gave the following instruction to the jury: "The court charges the jury that they are the sole judges of the amount of damages, from the evidence in the case, sustained by the plaintiff, and if they believe from the evidence in the case that the engineer in charge of the engine saw the signal made by the plaintiff and others at Greenwood Springs station on May 31, 1907, if they from the evidence believe there was a signal made to stop, or if the engineer in charge of the engine on the evening of May 31, 1907, at Greenwood Springs station, could by the exercise of ordinary care and diligence have seen the signal to stop, and understood the signal, and failed to stop the train, and that the failure to stop was due to the capriciousness or recklessness or malice or wilfulness on the part of the said engineer, then the jury may assess the defendant with punitive damages; that is, damages by way of punishment to compel the defendant to have due regard for the rights of the public, and return a verdict for the plaintiff, in any sum not exceeding the amount of damages sued for." The giving of this instruction was fatal error:

First. Because it submitted to the jury the question of whether the engineer obeyed a signal made by persons other than the station agent. Under the evidence the only signal the engineer was required to obey was one made by the station agent. There was no evidence that appellant was accustomed to stop its trains on signals made by intending passengers; but, on the contrary, it maintained at this station a depot, with an agent in charge thereof, whose duty it was to signal trains when it became necessary for trains to stop. A railroad company is entitled to have the starting and stopping of its trains regulated by its employes, and when it maintains an agent at a flag station, whose duty it is to signal trains when it becomes necessary for same to stop at such station, the failure of its engineer to

stop on the signal of an intending passenger is not negligence. The negligence here complained of is not that of the station agent, but of the engineer.

Second. Because it permitted the jury to award punitive damages if the engineer "could by the exercise of ordinary care and diligence have seen the signal to stop." *Railroad Company v. Lanning,* 83 Miss. 161, 35 South. 417.

*Reversed and remanded.*